*Law Offices of*
**Douglas L. Applegate, S.B.#109155**
**380 Melrose Dr Suite 207**
**Vista CA 92081**
**TEL: 888-583-2266 FAX: 888-583-2266**
*Doug@applegateslaw.com*
**Attorneys For Plaintiffs**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **GERARDO MARTINEZ, JR., GERARDO HERNANDEZ MARTINEZ,** | **Case No.:** '20 CV0860 BEN KSC |
| Plaintiff, | **COMPLAINT** 1. DEPRIVATION OF CIVIL RIGHTS (42 U.S.C. § 1983);  2. DEPRIVATION OF CIVIL RIGHTS FOR FAILURE TO PROVIDE MEDICAL CARE (42 U.S.C. § 1983); 3. SUBSTANTIVE DUE PROCESS (42 U.S.C. § 1983); 4. DEPRIVATION OF CIVIL RIGHTS – MONELL VIOLATIONS (42 U.S.C. § 1983) |
| vs. | |
| **COUNTY OF SAN DIEGO, KEVIN McCAULEY, NICHOLAS MORGAN, JOSHUA NAHAN, and DOES 1 through 20 inclusive,** | |
| Defendants | |
| | DEMAND FOR JURY TRIAL |

COMPLAINT FOR DAMAGES

TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

COMES NOW PLAINTIFFS, **GERARDO MARTINEZ, JR.** (hereinafter "**Junior**")**, GERARDO HERNANDEZ MARTINEZ** (hereinafter "**Senior**"), individually, and allege in their Complaint against defendants **COUNTY OF SAN DIEGO (hereinafter "County"), KEVIN McCAULEY** (hereinafter "**McCauley**")**, NICHOLAS MORGAN** (hereinafter "**Morgan**")**, JOSHUA NAHAN** (hereinafter

*Law Offices of* **DOUGLAS L. APPLEGATE**
380 South Melrose Dr, Suite 207
Vista CA 92081 (888-583-2266)

"**Nahan**") and DOES 1 through 20, inclusive, (collectively "Defendants"), allege as follows:

///

## INTRODUCTION

1.      This civil rights action seeks compensatory and punitive damages from each Defendant as individual San Diego County Sheriff deputies and from the County of San Diego, for the violation of fundamental rights under the United States Constitution and state law in connection with the brutal police arrest, and torturous abuse of Plaintiffs on May 7, 2018.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

2.      Each and every allegation set forth in each and every averment of this Complaint hereby is incorporated by this reference in each and every other averment and allegation of this Complaint.

3.      Each Plaintiff was deprived of an interest protected by the Constitution or laws of the United States, and Defendants caused any such deprivation while acting under color of state law.

4.      All acts or omissions alleged to have been engaged in by any Defendant are alleged to have been engaged in with evil motive and intent, and in callous, reckless, and wanton disregard to the rights of Plaintiffs.

5.      Defendants knowingly, or recklessly, or deliberately indifferent to the constitutional rights of persons within the jurisdiction of the United States of America, acted, maintained, or permitted an official policy or custom of permitting the occurrence of the types of wrongs set forth herein.

6.      Defendants COUNTY OF SAN DIEGO and DOES 1 through 10 also proximately caused DECEDENT's and Plaintiff's injuries and are liable under state law and under principles set forth in Monell v. Department of Social Services, 436 U.S. 658 (1978).

2
COMPLAINT

*Law Offices of* **DOUGLAS L. APPLEGATE**
380 South Melrose Dr, Suite 207
Vista CA 92081 (888-583-2266)

7.    On the morning of May 7, 2018 at or near 1120 Madera Lane, Vista, California, DEFENDANTS acted with specific intent to cause serious bodily injury upon Plaintiffs, and to intentionally violate Plaintiffs' civil rights and did beat each Plaintiff without reason as depicted by, *inter alia*, San Diego Sheriff Department "body worn cameras" and civilian cell phone video(s) admitted as evidence in San Diego County Superior Court Case No CN393123.

8.    On the morning of May 7, 2018, San Diego Sheriff Deputies were dispatched to 1120 Madera Lane to investigate an ongoing domestic violence incident involving Gerardo Martinez Jr. (hereinafter Junior) and his girlfriend Katherine Morrissette. Defendant SDSO Deputies McCauley and Morgan were the first two deputies to arrive. The deputies were notified via dispatch that Junior and Morrissette were both standing outside 1120 Madera Lane. Defendant SDSO Deputies McCauley and Morgan were also notified that Morrissette believed Junior would be cooperative with the deputies.

9.    After exiting their vehicles, Deputy McCauley and Morgan approached Junior and Morrissette. McCauley ordered Junior to turn around or he would get tased. Deputy McCauley grabbed Junior in a headlock and took him down. Morgan then ran towards McCauley and Junior to assist. Junior was struck several times by both deputies during the takedown.

10.    Junior's father, Gerardo Martinez Sr. (hereinafter Senior) was out walking his dog off leash while the deputies were attempting to get Junior on the ground. Senior's dog moved towards the deputies and Junior and the dog began barking at the deputies. Senior also approached the Morgan, McCauley and Junior and tried to grab his dog. Deputy McCauley ordered Senior to get back, and then knocked Senior onto the ground. Deputy McCauley told Morgan to tase Senior. Morgan attempted to deploy his taser on Senior, but the device malfunctioned. Senior got up off the ground and told the deputies he was trying to get his dog. Senior collected his dog and moved away from the deputies. Deputies McCauley and Morgan continued to give Junior orders while he lay face down on the ground. Junior's hands were behind his back. Defendants yelled at Junior multiple times to

3
COMPLAINT

let go of Defendants' hands. Junior was not resisting the deputies. Morgan stunned Junior with his taser and then delivered a knee strike to Junior's ribs and placed his knee on Junior's back. The deputies ordered Junior to place his hands behind his back, and Junior told the deputies, "Okay." Junior placed his hands behind his back and said, "Right here. Both hands." McCauley was able to handcuff Junior.

11.    Morgan then approached Senior, who was still standing outside and holding his dog approximately 15 feet away. Senior asked Morgan why the deputies hit him earlier. Morgan grabbed Senior around the head and took him to the ground. Morgan ordered Senior to put his hands behind his back and pinned Senior's head into a bush. Deputy McCauley ordered Morrissette to move the dog or else he would taser it. Morrissette picked up the dog and moved him into the Martinez home.

12.    Morgan continued yelling at Senior to place his hands behind his back. Junior, who was still lying face down and handcuffed approximately 15 feet away, noticed that the deputies had left a taser by him unattended. Junior yelled towards the deputies that they had left a taser by him so they would not mistakenly believe that he was trying to arm himself. The deputies attempted to handcuff Senior.

13.    McCauley yelled at Senior multiple times to let go of his hand. Senior told the deputies that something was rubbing or hurting his hand. Morgan delivered two knee strikes to Senior's torso before putting handcuffs on Senior. Senior screamed out in pain, at which point Junior yelled to the deputies to stop hurting his dad. McCauley assisted Senior in getting up off the ground while Morgan went back to Junior. Eventually, Deputy McCauley moved to Junior's location and picked up the taser. Junior asked the deputies why they assaulted him and Senior and why they were blowing everything out of proportion. Morgan told Junior to, "Shut the fuck up." Morgan applied pressure to Junior's back and repeated for Junior to shut up. Deputy McCauley realized additional cover units were getting lost in responding to their location and provided them directions. When Junior complained about the pain he was in, Morgan again told Junior to shut up. Morgan then put his right knee on the back of Junior's head/neck, pinning him down.

4
COMPLAINT

*Law Offices of* **DOUGLAS L. APPLEGATE**
380 South Melrose Dr, Suite 207
Vista CA 92081 (888-583-2266)

14. Approximately 4.5 minutes after McCauley and Morgan first contacted Junior and Morrissette, Morgan told the responding cover units that everything was good. Both Junior and Senior were handcuffed behind their backs. Nahan was one of the responding cover units. Nahan arrived and immediately went to Senior's location. Deputies asked Morgan if he was okay, and he responded that everything was fine. Nahan helped Senior up off the ground and then began walking Senior past Junior towards the patrol cars. Junior was still on the ground, handcuffed, and being searched by Deputy McCauley and Morgan. As Nahan and Senior approached Junior, Nahan shoved Senior headfirst into the fence. Responding Deputy Jeffrey Mowers was standing approximately 5 feet behind Nahan and Senior and saw nothing to justify the Nahan's use of force on Senior. Junior, still handcuffed and laying prone on the ground, heard the impact into the fence and said, "Hey dude, come on bro." Morgan put his knee on Junior's head, pinning him to the ground. Morgan then struck Junior in the face multiple times with an open palm. Deputy McCauley tapped Morgan on the side multiple times and told him to stop. Morgan then stopped. After searching Junior, Morgan, and Deputy McCauley escorted Junior to the patrol car. Senior was escorted to a patrol car as well. Approximately five and a half minutes elapsed from the time Deputy McCauley and Morgan first contacted Junior to the time Nahan shoved Senior into the fence.

15. All of the deputies who responded to the scene reviewed the cell phone video taken by a neighbor and believed the defendants used excessive force in their interactions with Junior and Senior.

16. There was no justification for Defendants use of force listed, inter alia, below:

- The attempted use of the taser on Senior - Senior had been pushed back by Deputy McCauley, and Senior had made no attempts to re-approach Junior or the deputies. Senior was also not aggressive or assaultive towards the deputies;

- The use of taser on Junior - McCauley and Morgan both had a position of advantage over Junior. Junior was lying face down and had asked the deputies

*Law Offices of* **DOUGLAS L. APPLEGATE**
380 South Melrose Dr, Suite 207
Vista CA 92081 (888-583-2266)

if they were good. Junior was not in a position to be assaultive towards the deputies;

- The knee strikes to Junior - McCauley and Morgan both had a position of advantage over Junior. McCauley and Morgan were using their body weight to hold Junior in position;

- Takedown of Senior - Senior was complying with orders and there was no justification for the takedown. Pinning Senior's head to the ground - Senior was complying with orders and there was no justification for the use of force;

- The knee strikes to Senior - McCauley and Morgan both had a position of advantage over Senior and were unnecessary;

- Knee pressure on Junior's head - Junior was handcuffed and was not acting aggressively towards the deputies. Placing weight on this area can cause a head or neck injury;

- Strikes to Junior's head - there was no justification for this use of force against Junior and even Deputy McCauley recognized this and told Morgan to stop;

- Nahan's use of force against Senior was unreasonable because there were no evasive motions by Senior and Senior was compliant;

17.     After Senior and Junior were attacked, and their home subjected to an unreasonable search by Defendants, who beat, hit, mauled, choked, tazed and intimidated each Plaintiff, Defendants placed and caused to be placed against Plaintiff Gerardo Hernandez Martinez spurious criminal charges. Those charges were made without probable cause and were ultimately dismissed *sua sponte* without trial by the San Diego District Attorney.  Defendants' actions proximately caused physical harm to each Plaintiff. Further, government entities have fostered a policy and custom of brutalizing citizens and violating the Fourth Amendment proscription against the use of excessive force. Defendants have a history of engaging in this sort of conduct, the defendant County and Doe entities knew of that history but took no action to correct it.

6
COMPLAINT

*Law Offices of* **DOUGLAS L. APPLEGATE**
380 South Melrose Dr, Suite 207
Vista CA 92081 (888-583-2266)

18.   This egregious beating of Plaintiffs has sparked outrage in the community and multiple protests organized by the community have occurred against Defendants and DOES 1 through 20. The use of force against Plaintiffs was excessive and objectively unjustified under the circumstances, directly causing Plaintiffs to suffer extreme physical pain, injuries and emotional pain arising from the violation of Plaintiffs' civil rights.

19.   As a direct and proximate result of the aforementioned acts of DEFENDANTS and Doe 1 through 20, and each of them, Plaintiffs suffered the following injuries and damages which are recoverable by Plaintiffs under the Federal and California Civil Rights statutes identified herein:  (a) Violation of his constitutional rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person and denial of Equal Protection and Due Process of Law; (b) Conscious physical pain, suffering, and emotional trauma; (c) Medical bills and expenses and future medical care costs and expenses; (d) Loss of income and lost earning capacity; (e) Attorneys' fees and costs pursuant to 42 U.S.C. Section 1988; and (e) Violations of Constitution of the State of California and the rights secured to Plaintiffs and under California Civil Code §43, §52 and §52.1 and California Gov Code §845.6 as herein alleged and described herein.

## JURISDICTION AND VENUE

20.   Plaintiffs assert that the statutory or other basis for the exercise of jurisdiction in this United States Federal District Court and assert claims for relief arising under, and for violations of the following laws: (a) Federal Civil Rights Act under 42 U.S.C. Sections 1983, 1985, 1986, and 1988; (b) Monell v. Department of Social Services; (c) The Fourth Amendment of the United States Constitution; (d) The Fourteenth Amendment of the United States Constitution; (e) Equal Protection Clause and Due Process Clause of the Fifth Amendment of the United States Constitution, as well as supplemental jurisdiction for Plaintiffs' state claims asserted pursuant to 28 U.S.C. 1367(a); all of which Plaintiffs request be tried and heard before a jury.

*Law Offices of* **DOUGLAS L. APPLEGATE**
380 South Melrose Dr, Suite 207
Vista CA 92081 (888-583-2266)

21.     The jurisdiction of this Court is, therefore, founded on Federal Question Jurisdiction pursuant to 28 U.S.C. Section 1331 and 1343.

22.     This is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of rights, privileges, and immunities secured to the plaintiffs by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. Section 1983).

23.     Jurisdiction is founded upon 28 U.S.C. Sections 1331 and 1343(3) and (4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom and usage of rights, privileges, and immunities secured to a plaintiff by the First, Fourth and Fourteenth Amendments to the Constitution of the United States.

24.     Venue is proper in this Court under 28 U.S.C. Section 1391(b), because defendants reside in, and in all incidents, events, and occurrences giving rise to this action occurred in the County of San Diego, California.

PARTIES

25.     Each Plaintiff was a resident of San Diego County during all times relevant to their claims alleged herein.

26.     Plaintiffs are informed and believe, and thereon allege, that Defendants **McCauley, Morgan, Nahan** and Defendants DOES 1 through 20, are, and at all times herein mentioned were, duly appointed and acting as sworn California law enforcement officers and were at all material times acting under color of state of law, and as employees, agents and representatives of every other Defendant. Defendants **McCauley, Morgan, Nahan** and Defendants DOES 1 through 20 were acting under color of law and within the course and scope of their employment, including but not limited to under California Government Code Sections 815.2, 820, and 825, and were acting within the course and scope of their employment and under color of law as a sheriff deputy of Defendant San Diego County and San Diego Sheriff Department (hereinafter referred to as "SDSD"), and were authorized by the San Diego County to perform the duties and responsibilities of a

8
COMPLAINT

*Law Offices of* **DOUGLAS L. APPLEGATE**
380 South Melrose Dr, Suite 207
Vista CA 92081 (888-583-2266)

sworn sheriff deputy and all acts hereinafter complained of were performed by them within the course and scope of his duties as a sheriff deputy, officer and official. Defendants **McCauley, Morgan, Nahan** and Defendants DOES 1 through 20 are sued herein in their individual capacity and in their official capacity as a sheriff deputy and/or as an employee of San Diego County.

27.    All Defendants are California sworn peace officers or officers of the United States with the exception of any governmental entity defendant, and any such governmental entity is a California governmental entity.  Individual defendants are hereinafter also referred to by proper name or as "sheriff deputy" and any governmental entity defendants are referred to by proper name or as "governmental entity."

28.    The true names and capacities of Defendants named herein as DOES 1 through 20, inclusive, whether individual, governmental entity, corporate, associate or otherwise are unknown to Plaintiff at the present time, and each Plaintiff will ask leave of Court to insert the true names and capacities when the same have been ascertained.  Each Plaintiffs is informed and believe that each fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that the injuries and damages as hereinafter alleged were proximately caused by such occurrences.

29.    At all times mentioned herein Defendants, and each of them, were the agents, servants and employees of each of the other Defendants and in doing the things hereinafter mentioned were acting within the course and scope of their authority as such agents and employees and with the consent of each of their Co-Defendants.

### FIRST CLAIM FOR RELIEF DEPRIVATION OF CIVIL RIGHTS FOR UNREASONABLE SEARCH AND SEIZURE & EXCESSIVE FORCE (42 U.S.C. § 1983); (By Plaintiffs against All Defendants)

30.    Plaintiffs repeat and re-allege each and every allegation set forth in each and every averment of this Complaint and hereby incorporate by this reference in each and every other averment and allegation of this Complaint.

*Law Offices of* **DOUGLAS L. APPLEGATE**
380 South Melrose Dr, Suite 207
Vista CA 92081 (888-583-2266)

31.     Beating, restraint and arrest of Plaintiffs by DEFENDANTS violated Plaintiffs' rights, privileges, and immunities secured by the Constitution and laws of the United States, including those secured by the Fourth and Fourteenth Amendments to the Constitution  by among other acts, subjecting Plaintiffs to excessive force and restraint where no force or less force was necessary. As stated herein, Plaintiffs, as citizens and individuals, are protected by the laws and Constitution of the State of California, as well as those of the United States, including the First, Fourth and Fourteenth Amendments thereto of the United States Constitution, the right of privacy under the California Constitution and the rights secured to person Plaintiffs under Civil Code §52 and §52.1 as herein alleged and were subjected to Defendants' further violations of their right as described herein.

32.     Plaintiffs' injuries were a direct and proximate result of the aforementioned violation of rights conferred by the United States Constitution and the wrongful acts and omissions perpetrated by DEFENDANTS while acting under the color of law and pursuant to customs, policies, and/or procedures in violations of 42 U.S.C. Section 1983.

33.     This use of force was excessive and unreasonable under the circumstances. DEFENDANTS' actions thus deprived Plaintiffs of Plaintiffs' right to be free from unreasonable searches and seizures and excessive force under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

34.     The conduct of DEFENDANTS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to DEFENDANT.

35.     Plaintiffs also seek attorney's fees under this claim.

**SECOND CLAIM FOR RELIEF DEPRIVATION OF CIVIL RIGHTS FOR FAILURE TO PROVIDE MEDICAL CARE - (42 U.S.C. § 1983); ( By Plaintiffs against Defendants and DOES 1 through 20, inclusive)**

36.     Plaintiffs repeat and re-allege each and every allegation set forth in each and every averment of this Complaint and hereby incorporate by this reference in each and every other averment and allegation of this Complaint.

*Law Offices of* **DOUGLAS L. APPLEGATE**
380 South Melrose Dr, Suite 207
Vista CA 92081 (888-583-2266)

37. The denial of medical care by DEFENDANTS and DOES 1 through 20 deprived of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiffs under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

38. As a result, Plaintiffs suffered extreme pain and suffering and lost income and earning capacity.

39. DEFENDANTS and DOES 1 through 20 knew that failure to provide timely medical treatment could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that critical medical need, causing bodily harm and injury.

40. The conduct of Defendants and DOES 1 through 20 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiffs, and therefore warrants the imposition of exemplary and punitive damages as to DEFENDANTS and DOES 1 through 20.

41. Plaintiffs also seek attorney's fees under this claim.

**THIRD CLAIM FOR RELIEF For Substantive Due Process - (42 U.S.C. § 1983) (By all Plaintiffs against Defendants and DOES 1 through 20 , inclusive)**

42. Plaintiffs repeat and re-allege each and every allegation set forth in each and every averment of this Complaint and hereby incorporate by this reference in each and every other averment and allegation of this Complaint.

43. Plaintiffs had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiffs' familial relationship.

44. Plaintiffs had a cognizable interest under the Due Process Clause of the Fourteenth Amendment to the United States Constitution to be free from state actions that

*Law Offices of* **DOUGLAS L. APPLEGATE**
380 South Melrose Dr, Suite 207
Vista CA 92081 (888-583-2266)

deprive Plaintiffs of Plaintiffs' right to life, liberty, or property in such a manner as to shock the conscience.

45.     The aforementioned actions of DEFENDANTS and Does 1 Through 20, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.

46.     Defendants and Does 1 Through 20 , thus violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with their familial relations.

47.     As a direct and proximate cause of the acts of Defendants and Does 1 through 20 , Plaintiffs experienced severe pain and suffering and lost income and earning capacity. Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body.

48.     The conduct of Defendants and Does 1 Through 20 , was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendants and Does 1 Through 20 .

49.     Plaintiffs bring this claim in each case individually for deprivation of their 14th amendment rights.

50.     Plaintiffs also seek attorney's fees under this claim.

### FIFTH CLAIM FOR RELIEF
### DEPRIVATION OF CIVIL RIGHTS – 42 USC § 1983 – *MONELL* VIOLATIONS ( By all Plaintiffs against Defendant COUNTY)

51.      Plaintiffs repeat and re-allege each and every allegation in paragraphs 1through 67 of this Complaint with the same force and effect as if fully set forth

52.     The acts and omissions of all Defendants were engaged in maliciously, callously, oppressively, wantonly, recklessly and with deliberate indifference to the rights of Plaintiffs. Plaintiffs are informed and believe, and on the basis of such information and belief, allege that Defendant **COUNTY**, through SDSD, with deliberate indifference and

COMPLAINT

*Law Offices of* **DOUGLAS L. APPLEGATE**
380 South Melrose Dr, Suite 207
Vista CA 92081 (888-583-2266)

reckless disregard to the safety, security and constitutional and statutory rights of Plaintiffs , and all persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies, practices or customs and usages of, among other things:

a) Subjecting citizens to unreasonable uses of force against their person, including deadly force;

b) Selecting, retaining, and assigning officers/deputies with demonstrable propensities for excessive force, violence and other misconduct;

c) Failing to adequately train, supervise, and control officers/deputies in the field of law enforcement, including the use of force;

d) Failing to adequately discipline officers/deputies involved in misconduct;

e) Condoning and encouraging officers/deputies in the belief they can violate the rights of persons such as Plaintiffs with impunity, and such conduct will not adversely affect their opportunities for promotion and other employment benefits;

f) Initiating, implementing, ratifying, maintaining, enforcing, tolerating, permitting, and acquiescing in an illegal "Use and Escalation of Force Policy" that does not adequately limit officers'/deputies' use of force to those cases in which it is required to make a lawful arrest or protect an officer or third-party from an immediate safety threat; and

g) Initiating, implementing, ratifying, maintaining, enforcing, tolerating, permitting, and acquiescing in an illegal "Use and Escalation of Force Policy" that failed to comply with the requirements of the law.

53.    Plaintiffs are informed and believe, and on the basis of such information and belief alleges, that Defendant COUNTY OF SAN DIEGO through its Sheriff's Department ordered, authorized, acquiesced in, tolerated, permitted or maintained customs and usages permitting the other defendants herein to engage in the unlawful and unconstitutional actions, policies, practices and customs or usages set forth in the foregoing paragraph. Defendants' conduct as alleged herein constitutes a pattern of

*Law Offices of* **DOUGLAS L. APPLEGATE**
380 South Melrose Dr, Suite 207
Vista CA 92081 (888-583-2266)

constitutional violations based either on a deliberate plan by Defendants or on Defendants' deliberate indifference, gross negligence or reckless disregard to the safety, security and rights of Plaintiffs and DECEDENT.

54.   As a result of Defendants' conduct and each of their violations of Plaintiffs' constitutional rights as set forth herein, Plaintiffs were damaged as alleged above.

**PRAYER FOR RELIEF WHEREFORE,** Plaintiffs requests entry of judgment in their favor and against Defendants as follows:

## FIRST, SECOND THIRD, AND FOURTH CAUSES OF ACTION BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS

1.   General damages in an amount to be determined by proof at trial.

2.   Medical and related expenses in an amount to be determined by proof at trial.

3.   Punitive damages as against individual defendants only.

4.   Costs of this action.

5.   Interest according to law.

6.   For reasonable costs of this suit and attorneys' fees, including pursuant to 42 U.S.C. Section 1988; and;

6.   Any other and further relief that the Court considers proper.

DATED:  May 7, 2020

By: _____
Douglas L. Applegate
Attorneys for Plaintiffs

Each Plaintiff hereby demands a trial by jury.

DATED:  May 7, 2020

By: _____
Douglas L. Applegate
Attorneys for Plaintiffs

14
COMPLAINT

*Law Offices of* **DOUGLAS L. APPLEGATE**
380 South Melrose Dr, Suite 207
Vista CA 92081 (888-583-2266)